Deborah C. Prosser (SBN 109856)
Stephanie A. Hingle (SBN 199396)
Nicholas L. Secord (SBN 237398)
KUTAK ROCK LLP
601 S. Figueroa Street
Suite 4200
Los Angeles, CA 90017
Telephone:  (213) 312-4000
Facsimile:   (213) 312-4001
Email: Deborah.Prosser@KutakRock.com
Email: Stephanie.Hingle@KutakRock.com
Email: Nicholas.Secord@KutakRock.com

Attorneys for Defendant
GENERAL ELECTRIC COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKIE TILLMAN, MARQUEL PRIDE, and MALAYSIA PRIDE, a minor by and through her Guardian Ad Litem, MARQUEL PRIDE,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, a New York corporation, and DOES 1 through 20, inclusive,<br><br>Defendant. | Case No.   **'11 CV0760 BTM WMC**<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b) (DIVERSITY)**<br><br>(San Diego County Superior Court, Case No. 37-2011-00051696-CU-TT-NC) |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

///
///
///
///
///
///

**PLEASE TAKE NOTICE** that Defendant General Electric Company by and through its undersigned attorneys, hereby removes the above-entitled state court action, Case No.: 37-2011-00051696-CU-TT-NC, from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, on the basis of diversity jurisdiction. In support of this Notice of Removal, GE states as follows:

1. <u>Introduction</u>

This case is hereby removed from state court to federal court because there is complete diversity between Plaintiffs Vickie Tillman, Marquel Pride, Malaysia Pride, a minor by and through her Guardian Ad Litem, Marquel Pride ("Plaintiffs") and the only named defendant in this action, General Electric Company ("GE"). Further, the amount in controversy exceeds $75,000.00. Therefore, this Court has original jurisdiction under 28 U.S.C. § 1332.

2. <u>The State Court Action</u>

On or about March 2, 2011, a civil action was commenced in the Superior Court of the State of California in San Diego County entitled, *Vickie Tillman, Marquel Pride, and Malaysia Pride, a minor by and through her Guardian Ad Litem, Marquel Pride v. General Electric Company, a New York corporation, and Does 1 through 20, inclusive,* having been assigned Case No. 37-2011-00051696-CU-TT-NC (San Diego Super. Ct. Mar. 2, 2011). The Complaint asserts claims for (1) General Negligence; (2) Products Liability – Strict Liability – Settings Defect; (3) Products Liability – Strict Liability – Failure to Warn; (4) Products Liability – Strict Liability – Breach of Express Warranty; (5) Products Liability – Strict Liability – Breach of Implied Warranty; (6) Fraudulent Concealment; (7) Intentional Misrepresentation; and (8) Unfair Business Practices – Section 17200. (See Plaintiffs' Complaint, attached as Exhibit "A" to the Declaration of Stephanie A. Hingle.) Plaintiffs generally allege that they were injured as a result of exposure to carbon monoxide emissions from a stove manufactured by GE. (See Complaint

at ¶¶ 8-17.)

3. <u>Pleadings and Process</u>

As required by 28 U.S.C. § 1446(a), attached are copies of all state court process, pleadings and orders served upon GE in the removed case. (See Hingle Decl., Exhibit "A.")

4. <u>The Removal is Timely</u>

GE is informed and believes that the first date upon which any defendant was served with a copy of said Complaint in the removed case was March 14, 2011, when GE was served with a copy of the Summons and Complaint through its registered agent for service of process, CT Corporation System. (See Service of Process Transmittal, attached as Exhibit "A.") Accordingly, this Notice of Removal is filed within 30 days of service upon any defendant and, is therefore, timely under 28 U.S.C. § 1446(b). (See *United Computer Sys. v. AT&T Corp.*, 298 F3d 756, 762 (9th Cir. 2002); see also *McAnally Enterprises, Inc. v. McAnally*, 107 F. Supp. 2d 1223, 1226-28 (C.D. Cal. 2000); *Harris v. Bankers Life and Cas. Co.*, 425 F. 3d 689, 692 (9th Cir. 2005); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998).)

5. <u>Basis for Removal – Diversity Jurisdiction</u>

This is a civil action that falls within the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship), and is one which may be removed to this Court by GE pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. <u>Amount in Controversy</u>

a. The amount in controversy for this matter exceeds $75,000, exclusive of interest and costs. (See 28 U.S.C. § 1332.) California law prohibits Plaintiffs from stating in their Complaint the amount of damages claimed. (See Cal. Code of Civil Procedure § 425.10 (b) (specific amount of damages in personal

injury or wrongful death action may not be stated in complaint).) Nevertheless, removal is proper because a fair reading of the Complaint shows that the amount in controversy requirement has been met. (See *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993 (C.D. Cal. 2002).)

      b.    Where a plaintiff's complaint does not specify the amount of damages being sought, whether or not the amount in controversy exceeds jurisdictional limits, can be ascertained from the complaint. (See *Singer v. State Farm Mut. Auto Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997). This burden can easily be met if it is facially apparent from the allegations in the complaint that the plaintiff's claims exceed $75,000.00. (See *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d at 998; see also *Campbell v. State Farm Mut. Auto Ins. Co.,* No. CV87-7759 JMI (GHKx), 1988 U.S. Dist. LEXIS 19496, 2-3 (C.D. Cal. 1988) ("For removal purposes, the amount in controversy is to be determined by the allegations in the complaint or where they are not dispositive, by allegations in the petition for removal"); *Davenport v. Procter & Gamble Mfg. Co.*, 241 F2d 511 (2nd Cir. 1957).)

      c.    Plaintiffs allege that Plaintiffs Vickie Tillman and Marquel Pride suffered injuries as a result of toxic exposure to carbon monoxide, including but not limited to, carbon monoxide poisoning, headaches, nausea, flu-like symptoms, exhaustion, dizziness, inability to sleep, chest and joint pain, memory loss, and cognitive problems. Plaintiffs allege that in utero exposure to Plaintiff Malaysia Pride resulted in additional injuries, including but not limited to, behavioral problems and potential brain damage. (See Complaint at ¶¶ 17 and 20.) As a result, Plaintiffs allege that they sustained physical injuries from the effects of carbon monoxide, as well as general damages (i.e., pain, suffering and emotional distress) and economic loss (i.e., loss of property or money). (See Complaint at ¶¶ 17, 20 and 65.) For these alleged injuries, Plaintiffs seek special and general damages for past and future medical expenses, lost income, loss of

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

4826-9821-5945.1
- 4 -
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441      CASE NO.

earning capacity, and punitive damages. (See Complaint at Prayer Nos. 1 through 7.)

        d.    Based on these allegations, and on the experience of the undersigned counsel and the Removing Defendant in products liability and toxic tort cases, the amount in controversy exceeds the sum of $75,000.00 (See *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883-884 (5th Cir. 2000) (ruling in a slip-and-fall case that alleged damages for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" met the jurisdictional threshold); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (removal proper where it is facially apparent that amount in controversy exceeds $75,000); *Allison v. Security Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (punitive damages are properly considered in calculating the amount in controversy).)

        e.    A fair reading of the Plaintiffs' allegations reveals that the alleged damages involved are substantial and exceed $75,000.00, exclusive of interest and costs, and that this case meets the jurisdictional requirement.

    7.    <u>Citizenship of the Parties</u>

The requisite complete diversity of citizenship exists between Plaintiffs and GE (the only named Defendant). (See 28 U.S.C. §1332.)

        a.    GE is informed and believes that Plaintiffs are now and were at the time of filing of the Complaint residents of the state of California. (See Complaint at ¶ 3.) Plaintiffs are therefore California citizens for purposes of federal diversity jurisdiction. (See 28 U.S.C. § 1332(a); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

///

///

///

b.   General Electric Company is now and was a New York business entity with its principal place of business in the State of Connecticut. (See Complaint at ¶ 4.) General Electric Company was a citizen of the States of New York and Connecticut at the time of the filing of the Complaint for purposes of federal diversity jurisdiction.

8.   <u>Notice Given</u>

Pursuant to 28 U.S.C. § 1446(d), GE is filing this Notice of Removal concurrently with the State Court in which the action is currently pending. In addition, Notice of Filing Notice of Removal was served concurrently on Plaintiffs' counsel.

9.   <u>Venue</u>

The United States District Court of the Southern District of California, San Diego, embraces the county in which the State Court action is now pending and, therefore, this Court is a proper venue for this action. 28 U.S.C. §§ 84(c)(1), 1441(a).

10.   <u>Additional Discovery, Briefing, and Argument</u>

If any question arises as to the propriety of this removal, GE requests the opportunity to conduct discovery or brief any disputed issues and to present oral argument in support of their position that this case is properly removable.

11.   <u>Non-Waiver of Defenses</u>

Nothing in this Notice of Removal or related documents shall be interpreted as a waiver or relinquishment of GE's right to assert any defense or affirmative matter in this proceeding.

///
///
///
///
///

12. <u>Conclusion</u>

Accordingly, General Electric Company respectfully requests that this action now pending against it in the San Diego County Superior Court, be removed to this Court and that this action be placed upon the docket of this Court for further proceedings as though originally instituted in this Court.

Dated: April 12, 2011

KUTAK ROCK LLP

By: *Stephanie Hingle*
Deborah C. Prosser
Stephanie A. Hingle
Nicholas L. Secord
Attorneys for Defendant
GENERAL ELECTRIC COMPANY

# PROOF OF SERVICE

*Vickie Tillman, et al., vs. General Electric Company*
United States District Court, Southern District of California

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the City of Los Angeles in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 601 S. Figueroa Street, Suite 4200, Los Angeles, California 90017.

On April 12, 2011, I served on all interested parties as identified on the below mailing list the following document(s) described as:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (B) (DIVERSITY)**

[x] **(BY MAIL, 1013a, 2015.5 C.C.P.)** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this(these) document(s) will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **(BY NOTICE OF ELECTRONIC FILING)** Counsel who have consented to electronic service have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document(s) was(were) filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

[x] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

Executed on April 12, 2011, at Los Angeles, California.

_____
Donna Williams

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

4840-6667-9049.1

## SERVICE LIST

*Vickie Tillman, et al., vs. General Electric Company*
Superior Court of the State of California, County of San Diego – North County
Case No.: 37-2011-00051696-CU-TT-NC

Julia S. Swanson, Esq.
Brian T. McKibbin, Esq.
SWANSON & McKIBBIN, LLP
499 North Canon Drive, 4th Floor
Beverly Hills, CA 90210
Tel: 310-887-3600
Fax: 310-878-0187
*Attorneys for Plaintiffs*

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
VICKIE TILLMAN, MARQUEL PRIDE, and MALAYSIA PRIDE, a minor by and through her Guardian Ad Litem, MARQUEL PRIDE

## DEFENDANTS
GENERAL ELECTRIC COMPANY

**'11CV0760 BTM WMC**

(b) County of Residence of First Listed Plaintiff: San Diego County, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: State of New York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Swanson & McKibbin, LLP
499 North Canon Drive, 4th Floor
Beverly Hills, CA 90210
(310) 887-3600

Attorneys (If Known)
KUTAK ROCK LLP
Deborah C. Prosser, Esq. (SBN 109856)
Stephanie A. Hingle, Esq. (SBN 199396)
601 South Figueroa Street, Suite 4200
Los Angeles, CA 90017; 213-312-4000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [X] 365 Personal Injury - Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motion to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment / **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & other | [ ] 462 Naturalization Application | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights / [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332 and 1441

Brief description of cause:
Product liability claims removed under diversity statute

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 0.00
[X] CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: April 12, 2011
SIGNATURE OF ATTORNEY OF RECORD: *Stephanie Hingle* (signature)

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

CSDJS44